89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Filomena CARDOZA-ARAUZ, a.k.a. Maria Filomena Arauz, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70919.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided June 10, 1996.
 
 Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Filomena Cardoza-Arauz (Cardoza) appeals the Board of Immigration Appeals' (BIA) denial of her application for asylum and withholding of deportation. The BIA determined that Cardoza did not demonstrate a well-founded fear of persecution or past persecution sufficient to warrant relief. We have jurisdiction under 8 U.S.C. § 1105a, and we deny Cardoza's petition for review.
 
 FACTS
 
 3
 Cardoza, a native of Nicaragua, entered the United States in October 1989. In June 1990, the Immigration and Naturalization Service (INS) issued an order to show cause, which alleged Cardoza was subject to deportation for entering the United States without inspection, under 8 U.S.C. § 1251(a)(2).[1]
 
 
 4
 Cardoza conceded deportability but sought asylum and withholding of deportation. At a hearing before an Immigration Judge (IJ), Cardoza argued that she had been persecuted by the Sandinistas based on her membership in the Confederation of Unified Labor Union (CUS), an organization which is politically opposed to the Sandinistas. She testified that the Sandinistas conducted surveillance of the CUS's meetings and, at one point, about 15 or 20 armed security members of the Sandinista army stormed into the organization's office, threatened to detain all of the persons there, and warned them to discontinue their activities. Cardoza testified that she and her boss told them that they would not stop their activities. After that incident, Cardoza testified the soldiers continuously surrounded the office.
 
 
 5
 Cardoza also presented evidence that, in 1983, while the Sandinistas were in control of the government, her brother had been forcibly recruited for the army. Upon learning of the location where her brother and others who had been forcibly recruited were being held, Cardoza and others went to the facility and began protesting. At one point, her brother was able to escape and a military officer approached Cardoza and held a gun to her head. Cardoza testified that she told the officer that she disagreed with the Sandinistas and that the officer responded "it was too much what [she] was doing and that [she] should live with the consequences." Cardoza was released when a major told the officer to stop because there were too many witnesses.
 
 
 6
 Cardoza also testified that soldiers came to her house to find her brother. She stated the soldiers told her that if she did not tell them where her brother was hiding, she would "have to live with the consequences."
 
 
 7
 Finally, Cardoza testified that shortly before she left Nicaragua, members of the Sandinistas' internal security force came to her home. Cardoza stated they warned her that she should do what they told her to do or "face the consequences." Cardoza told them that she had no intention of abandoning the CUS.
 
 
 8
 The IJ denied her requests for asylum and withholding of deportation, but granted Cardoza a voluntary departure to Nicaragua. Cardoza then filed a timely appeal to the BIA. After independently reviewing the record, the BIA affirmed the decision of the IJ. Cardoza now timely appeals to this court.
 
 DISCUSSION
 
 9
 Cardoza argues the BIA erred in denying her relief because, she contends, the evidence establishes a well-founded fear of persecution. Because the BIA conducted a de novo review of the record and made an independent judgment about whether Cardoza was entitled to asylum or a withholding of deportation, we review only the BIA's decision. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993); Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). We conclude substantial evidence supports the BIA's decision.
 
 A. Denial of Asylum
 
 10
 To qualify for asylum under 8 U.S.C. § 1158(a), Cardoza must demonstrate that she is unwilling to return to Nicaragua because she suffered past persecution or has a " 'well-founded fear of [future] persecution on account of ... membership in a particular social group, or political opinion.' " Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (quoting 8 U.S.C. § 1101(a)(42)). To establish a well-founded fear of persecution, Cardoza must show that her fear is "subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996). The objective component "requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Acewicz, 984 F.2d at 1061 (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988)).
 
 
 11
 We review the BIA's determination that Cardoza did not demonstrate a well-founded fear of persecution for substantial evidence. Fisher, 79 F.3d at 960. "To obtain reversal, [Cardoza] must establish that the evidence not only supports the conclusion that she suffered persecution or has a well-founded fear of persecution, but compels it." Id. Cardoza must show that the evidence she "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 12
 Substantial evidence supports the BIA's determination that Cardoza did not demonstrate an objectively reasonable fear of persecution. The BIA acknowledged that a new coalition government has succeeded the former government of the Sandinista party.[2] Cardoza failed to present evidence that, since the change in government, persons similarly situated have suffered persecution. Cardoza admitted that the new government does not have a problem with the CUS. Further, Cardoza testified that other members of her family that were active with the CUS and the local leader of the CUS still reside in Nicaragua, but there is no evidence they have been persecuted based on their activities with the CUS.
 
 
 13
 The documentary evidence presented by Cardoza relates only to general conditions of unrest but does not support a claim of particularized individual persecution. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). The Amnesty International and State Department Report submitted by Cardoza also are not persuasive because these reports describe conditions in Nicaragua prior to the change in government.[3]
 
 
 14
 We, therefore, conclude that the evidence does not compel a finding of a well-founded fear of persecution based on Cardoza's political opinion. Although Cardoza also argues she was persecuted based upon her membership in a social group, she does not identify the particular social group or present supporting evidence. Thus, Cardoza also is not entitled to asylum on this basis. See Aruta v. INS, 80 F.3d 1389, 1393-95 (9th Cir.1996).
 
 
 15
 Even if Cardoza failed to demonstrate a well-founded fear of future persecution, she still may be entitled to asylum based on past persecution alone. Acewicz, 984 F.2d at 1062. The evidence presented by Cardoza, however, did not demonstrate that she had suffered "atrocious" persecution, warranting relief on humanitarian grounds. Id. Although Cardoza had been threatened, there is no evidence that those threats were carried out, that she was physically harmed, or that she was arrested. Thus, the BIA did not err in determining Cardoza was not entitled to asylum based solely on past persecution.
 
 B. Withholding of Deportation
 
 16
 To qualify for withholding of deportation, Cardoza must satisfy a more stringent standard. Fisher, 79 F.3d at 960. Cardoza must demonstrate "a clear probability of persecution." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) (quotations omitted). Because Cardoza did not satisfy the more lenient well-founded fear standard, she necessarily is not eligible for withholding of deportation. Id. The petition for review is
 
 
 17
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The 1990 amendment to section 1251 renumbered this subsection as subsection 1251(a)(1)(B)
 
 
 [2]
 Before the IJ and the BIA, Cardoza had an opportunity to brief whether she still had a well-founded fear of persecution after the change in government. Therefore, Cardoza was not denied her due process rights. Acewicz, 984 F.2d at 1060-61
 
 
 [3]
 We also reject Cardoza's argument that the BIA failed to consider all relevant evidence. The BIA reviewed the entire record, including the evidence presented by Cardoza which, she contends, demonstrates she has a well-founded fear of persecution even after the change in government. Further, the BIA did not give undue weight to a 1990 report by the State Department's Bureau of Human Rights and Humanitarian Affairs. We have concluded that the State Department's reports provide reliable information about political conditions in foreign countries. Rojas v. INS, 937 F.2d 186, 190 n. 1 (9th Cir.1991)